Filed 12/18/24  P. v. Turner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C100835 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F5088) |
| v. | |
| TERRELL BERNARD NATHANIEL TURNER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Terrell Bernard Nathaniel Turner has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to Turner, we will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, Turner and his wife got into an argument that escalated into a physical fight.  During the fight Turner slammed his wife on the bed, causing bruising.  As he tried to leave the home, he ran over her leg, causing a burn on her calf.  In September 2019, Turner pled guilty to one count of corporal injury to a spouse or cohabitant, in exchange for three years of informal probation, credit for time served, and no additional jail time.  (Pen. Code, § 273.5, subd. (a).)[1]  Turner failed to appear for sentencing and was rearrested about one year later.

At the November 19, 2020 sentencing hearing, the trial court made it clear it was not going to impose the originally agreed-upon sentence.  The parties and the court discussed the matter in chambers and when they returned on the record, they agreed Turner would receive 180 days in jail, with credit for 65 days served.  Through counsel Turner agreed to this change in terms.  The trial court imposed a sentence of three years, execution suspended, and admitted Turner to formal probation.  Among the probation conditions was a requirement that he serve 180 days in jail with 65 days of presentence custody credit.

Between May 2022 and October 2022, the probation officer filed three petitions for revocation of probation.  Turner admitted to all the allegations in the three petitions.  He failed to appear at the disposition hearing on the petitions and the trial court issued a bench warrant.

In January 2024, the district attorney filed a petition for revocation of probation in lieu of filing a new case, based on Turner's commission of another domestic violence offense.  The trial court revoked Turner's probation and sentenced him to three years in prison.  The trial court awarded him 201 days of presentence custody credit, imposed the

---

[1]  Undesignated statutory references are to the Penal Code.

2

previously stayed probation revocation fine (§ 1202.44), and imposed and stayed a parole revocation fine (§ 1202.45). The trial court also dismissed the probation revocation petition. Turner filed a notice of appeal with this court in April 2024 and did not obtain a certificate of probable cause. (§ 1237.5.) His *Wende* brief was filed in September 2024, and this case became fully briefed on October 15, 2024.

## DISCUSSION

Turner's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Turner was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from Turner. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
BOULWARE EURIE, J.



We concur:



_____/s/_____
HULL, Acting P. J.



_____/s/_____
MAURO, J.